UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISAIAH SCULLARK,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

24-CV-3721 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this complaint *pro se.* By order dated May 15, 2024, the Court directed Plaintiff, within thirty days, to submit an amended request to proceed *in forma pauperis* ("IFP application") or pay the $405.00 in fees required to file a civil action in this court. That order specified that failure to comply would result in dismissal of the complaint. Because Plaintiff did not file an amended IFP application or paid the fees, by order dated July 2, 2024, the Court dismissed the complaint without prejudice under 28 U.S.C. §§ 1914, 1915. Judgment was entered on July 9, 2024. (ECF 11.)

      On July 29, 2024, Plaintiff filed an extension of time to file a notice of appeal, and a notice of appeal (ECF 12, 13.) In the notice of appeal, Plaintiff alleges that he did not receive the May 15, 2024 order "on time."[1] (ECF 13 at 2.) Attached to the notice of appeal is an application for leave to proceed IFP on appeal, which demonstrates that Plaintiff qualifies to proceed IFP in this Court. (*Id.* at 4-7.)

---

[1] The Clerk's Office mailed the May 15, 2024 order and an amended IFP application to Plaintiff at his address of record. The envelope was not returned, and there was no other indication that Plaintiff did not receive it in a timely manner.

## DISCUSSION

**A.     Motion for an extension of time to file a notice of appeal**

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within 30 days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). The Court issued the order of dismissal on July 2, 2024, and judgment was entered on July 9, 2024. Plaintiff filed the notice of appeal on July 29, 2024. Because Plaintiff filed the notice of appeal within 30 days from entry of judgment, an extension of time is not necessary. The motion for an extension of time is therefore denied as unnecessary.

**B.     Notice of appeal**

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because Plaintiff's appeal divests this Court of jurisdiction of the action, the Court cannot reopen this matter while Plaintiff's appeal of the order of dismissal is pending, even though Plaintiff has filed an IFP application.

Should Plaintiff wish to proceed in this Court, he may withdraw his appeal within 45 days and notify this Court that he has done so. If Plaintiff does so, the Court will reopen this case based on Plaintiff's filing of the IFP application, grant him leave to proceed IFP, and reassign this case to a district judge.

## CONCLUSION

The motion for an extension of time is denied as unnecessary, and the Clerk of Court is directed to terminate it. (ECF 12.)

Should Plaintiff wish to proceed in this Court, he must withdraw the appeal that is pending in the Second Circuit and notify this Court that he has done so. If Plaintiff does so

within 45 days, the Court will reopen this case, grant him leave to proceed IFP, and reassign this case to a district judge.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  August 9, 2024
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge